**MEI MEI JIANG, Petitioner,**

v.

**Peter D. KEISLER, Acting Attorney**

General of the United States,[1]
Respondent.

No. 06–4942–ag.

United States Court of Appeals,
Second Circuit.

Sept. 24, 2007.

Robert J. Adinolfi, New York, NY, for Petitioner.

M. Lee Quinn, Office of Immigration Litigation, Washington, D.C. (Emily Anne Radford, Assistant Director, Office of Immigration Litigation, of Counsel), for Respondent.

PRESENT: ROGER J. MINER, JOSÉ A. CABRANES, CHESTER J. STRAUB, Circuit Judges.

## SUMMARY ORDER

Petitioner Mei Mei Jiang, a citizen of the People's Republic of China, seeks review of a September 29, 2006 order of the BIA vacating the April 19, 2005 decision of Immigration Judge ("IJ") Margaret McManus which granted Jiang's application for asylum and withholding of removal. *In re Mei Mei Jiang*, No. A 97 515 931 (B.I.A. Sept. 29, 2006), vacating No. A 97 515 931 (Immig. Ct. N.Y. City, Apr. 19, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA does not adopt the decision of the IJ "to any extent," we review only the decision of the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We will vacate and remand BIA decisions "that result from flawed reasoning, a sufficiently flawed fact-finding process, or the application of improper legal standards." *Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir.2007).

 We conclude that substantial evidence supports the BIA's determination that Jiang failed to meet her burden of establishing past persecution or a well-founded fear of future persecution. The BIA accurately noted that Jiang was never subjected to abortion, sterilization, or use of intrusive contraceptive devices. Moreover, Jiang was never arrested or detained. Under these circumstances, the agency reasonably found that Jiang did not establish past persecution. *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir.2006).

 Substantial evidence also supports the BIA's determination that Jiang failed to establish a well-founded fear of future persecution. Jiang has only one child and does not allege that she is pregnant with a second child or even attempting to conceive. Rather, her fear of persecution under the family planning policies of Fujian province are conditioned on her desire to have another child at some point in the indefinite future. The BIA did not err in finding that such fear was too speculative to establish a well-founded fear of future persecution. *See, e.g., Jian Wen Wang v. BCIS*, 437 F.3d 276, 278 (2d Cir.2006) (determining that a petitioner who had recently had a child in the United States had not established a well-founded fear of future persecution where he "presented no evidence to show the likelihood that a person in his situation would be subject to persecution if he returned to China").[2]

Because Jiang is unable to show the objective likelihood of persecution needed to make out an asylum claim, she is necessarily unable to meet the higher standard required to succeed on her claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 155 (2d Cir.2006) ("It is well-settled that the burden of proof for a withholding of removal claim is higher than the burden of proof for an asylum claim.") Because Jiang's CAT claim was based on the same factual predicate as her claims for asylum and withholding of removal, substantial evidence also supports the agency's determination that Jiang failed to establish a likelihood of torture upon her return to China. *See Shou Yung Guo v. Gonzales*, 463 F.3d 109, 114 (2d Cir.2006).

Jiang also argues that she has been materially prejudiced by the Government's failure to reproduce the complete oral decision of the IJ in the administrative record submitted to this court. This claim is without merit. Only one page of the oral decision is missing from the administrative record, and this page has subsequently been submitted for our review. Moreover, it is apparent from the BIA's opinion that the entire oral decision was available to the BIA when it conducted its review.

For the foregoing reasons, Mei Mei Jiang's petition for review is DENIED.

---

**2.** Even if fleeing from family planning officials constituted "other resistance" under 8 U.S.C. § 1101(a)(42), Jiang's claim would still fail because a petitioner must show that she "has been persecuted" or has "a well founded fear that … she will be … subject to persecution" for such other resistance, 8 U.S.C. § 1101(a)(42), which, as stated above, petitioner has failed to do.